## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DANNETTE M. MACKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-0662-JED-FHM** |
| | ) | |
| **OKMULGEE COUNTY FAMILY** | ) | |
| **RESOURCE CENTER** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

The Court has for its consideration defendant Okmulgee County Family Resource Center,

Inc.'s Amended Motion for Summary Judgment (Corrected) (Doc. 49).   Defendant seeks

summary judgment as to plaintiff Danette M. Mackey's federal claims and dismissal of her sole

state law claim.   Plaintiff proceeds pro se in this litigation[1] and has filed a response in opposition

(Docs. 72 and 76) to defendant's motion, as well as a separate submission (Doc. 77) containing

evidentiary objections to portions of defendant's motion.[2]

### BACKGROUND

Defendant Okmulgee County Family Resource Center, Inc. ("OCFRC") is a non-profit

organization that provides temporary housing to victims of domestic violence and sexual abuse.

On May 18, 2006, OCFRC hired Mackey, an African American, for the position of Shelter

---

[1]   Plaintiff has been represented by two different law firms in this litigation.   Both have withdrawn as a result of disagreements with plaintiff over the "direction" of the litigation.   (*See* Docs. 36 and 57).

[2]   Plaintiff has filed two response briefs.   The first (Doc. 72) includes numerous exhibits in support of her arguments, while the second (Doc. 76) is bereft of attachments.   Document 76, which was filed without leave of Court, appears to be an amended version of her response brief. Because Ms. Mackey is proceeding pro se, the Court has fully considered the contents of both Documents 72 and 76.   As will be discussed herein, plaintiff's submission containing evidentiary objections (Doc. 77) will be treated as a supplement to her response briefs.

Intake Worker. Her duties in that position included checking residents in and out of the shelter, providing support and assistance to residents, and enforcing shelter rules. Mackey's direct supervisor was Safehouse Manager, Crystal Newnam, a Caucasian.

On September 24, 2010, Richard Davidson, Executive Director of OCFRC, terminated Mackey's employment. Davidson set forth his reasons for termination in a letter, which chronicled the repeated complaints about Mackey's treatment of shelter residents. Specifically, Davidson's letter noted that on July 28, 2008, Mackey received a written reprimand due to "an ongoing pattern of criticism and complaints" regarding her behavior towards shelter residents. (Doc. 49-19). On August 6, 2008, Mackey was placed on a 90-day period of probation for insubordination toward her supervisor. Nearly two years later, on July 14, 2010, Mackey received a performance evaluation which noted that she had problems working with clients and needed to improve. This evaluation was accompanied by signed statements of four residents, yet Mackey rejected the assessment of her performance and refused to sign the evaluation. On August 17, 2010, a program certification team from the Office of the Attorney General of Oklahoma conducted a recertification assessment of the OCFRC facilities. Several shelter residents were interviewed during the course of the recertification assessment. The Attorney General's September 22, 2010 report focused on Mackey by name as a source of mistreatment of shelter residents and required OCFRC to submit a plan of corrective action before recertification would be considered. Mackey was fired by Davidson two days after the report. Davidson was the sole decision maker with respect to the decision to terminate Mackey.[3]

_____

[3]  As with many of OCFRC's asserted undisputed facts, Mackey disputes this statement in her response brief, albeit with no evidentiary support. Likewise, Mackey's statements in opposition to this undisputed fact (and several others) are not responsive to the undisputed fact at issue. (*Cf., e.g.*, Doc. 49, at 16, ¶ 19 with Doc. 76, at 20, ¶ 19). "On summary judgment, a district court is tasked with reviewing the record (or at least those portions of the record cited by the parties).

In this litigation, Mackey claims that she was fired because she is African American.  She identifies three remarks made by Newnam at some point during or prior to March, 2010, which she claims demonstrate racial animus toward her:  (1) a statement that Newnam's father was in the Ku Klux Klan and that she therefore knew how to get rid of people; (2) asking Mackey why black people are always dancing; and (3) asking Mackey what kind of rubber bands black people put in little girls' hair.  (Doc. 49-3, at 63-65).  Mackey acknowledged that Davidson never made any racially derogatory comments.

Mackey also claims that OCFRC unlawfully failed to pay overtime wages.  At the time Mackey was hired in May, 2006, Shelter Intake Workers were paid by the shift, not by the hour.  An employee working the day shift, from 8:00 a.m. to 4:30 p.m., was paid $58.80 per shift.  An employee working the night shift, from 4:30 p.m. to 8:00 a.m., was paid $73.50 per shift.  When an employee was hired for the night shift, OCFRC made sure they understood that it was OCFRC's policy not to pay for time scheduled as sleep time, which consisted of the time between 10:30 p.m. and 6:00 a.m.  On March 15, 2006, in an effort to determine whether OCFRC was in compliance with the Fair Labor Standards Act, Davidson visited the Department of Labor's "Compliance Assistance Employment Law Guide" website.  This guide provides an interactive online questionnaire, which Davidson completed and documented by printing his answers and the responses provided by the guide.  Based upon the responses he received, Davidson determined that OCFRC was not a covered enterprise under the Act because OCFRC was not engaged in interstate commerce as defined by the Act.  That same day, Davidson had telephone conferences with the Oklahoma Department of Labor and the U.S. Department of

---

It is not required to credit a nonmovant's bald assertions marshaled in favor of her claim…. A nonmovant is entitled only to the reasonable inferences arising from *the evidence*."  *Latham v. Bd. of Educ. of Albuquerque Pub. Sch.*, 489 F. App'x 239, 243 (10th Cir. 2012) (italics in original).

Labor, during which he sought to confirm that the information he had obtained from the website was accurate.  Davidson memorialized these conversations in handwritten notes.  In September, 2009, OCFRC began paying Shelter Intake Workers by the hour.

On January 7, 2011, Mackey filed her Charge of Discrimination with the EEOC.  She filed this litigation on October 26, 2011, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., 42 U.S.C. § 1981, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Oklahoma Protection of Labor Act, 40 *Okla. Stat*. § 165 *et seq*.

### STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In considering a summary judgment motion, the courts determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 at 251-52.  The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor.  *Anderson*, 477 U.S. at 255; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012).  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ."  *Anderson*, 477 U.S. at 255.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted).  When the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (quotations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Garratt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998).

Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Nevertheless, a district court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and

the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Consistent with Supreme Court and Tenth Circuit precedent, the Court will liberally construe plaintiff's pro se pleadings in reaching its decision as to whether summary judgment is appropriate with respect to plaintiff's claims. *See Haines*, 404 U.S. at 520; *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

DISCUSSION

I.      **Title VII Disparate Treatment Claim**

Mackey's Title VII claim for disparate treatment is based upon her termination, which she alleges was motivated by racial animus. In order to state a claim for disparate treatment on the basis of race under Title VII, plaintiff must demonstrate "(1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). Once a plaintiff can establish a prima facie case of discrimination or retaliation, the burden shifts directly to defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment actions which are at issue. *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1104 (10th Cir. 2005). Once the employer articulates its non-discriminatory justification for the adverse employment action, the burden then shifts back to the plaintiff to show that the employer's proffered justification is pretext. *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006). "A Plaintiff can demonstrate pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's reasons for its action, which a reasonable fact finder could rationally find unworthy of credence." *Chavez*, 396 F.3d at 1104 (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997)). If a

6

plaintiff presents evidence that the defendant's proffered reason for the employment decision was pretextual, i.e., unworthy of belief, the plaintiff can withstand a summary judgment motion and is entitled to go to trial. *Kendrick v. Penske Transport Servs, Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

OCFRC seeks summary judgment on the basis that Mackey cannot make a showing of disparate treatment as compared to any similarly situated employee and, even if she could, she cannot demonstrate that OCFRC's stated basis for termination is pretextual. The Court finds the latter argument to be dispositive.

Assuming, *arguendo*, that Mackey could establish a prima facie showing of disparate treatment, OCFRC's assertion that Mackey was fired due to her poor treatment of shelter residents constitutes a legitimate business justification for her termination. Mackey asserts that OCFRC's justification is pretextual and makes reference to the racially-charged statements allegedly made by Crystal Newnam as support for this contention. The undisputed facts show that Newnam was not part of the decision to terminate Mackey. As such, Newnam's statements do little, if anything, to show that *Davidson's* decision to terminate Mackey was pretextual. Davidson testified that the decision to terminate Mackey was solely his. And Ms. Mackey has not submitted evidence which in any sense controverts that fact. *See Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1144-45 (10th Cir. 2009) (citing *Piercy v. Maketa*, 480 F.3d 1192, 1200 (10th Cir. 2007)) ("the focus of a pretext analysis under Title VII is on the decision maker"). In addition, the statements attributed to Newnam were allegedly made approximately seven months prior to Mackey's termination and thus lack any temporal proximity to the adverse employment action – a relevant consideration in the pretext analysis. *See, e.g., Turner*, 563 F.3d at 1144; *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1213 (10th Cir. 2007). Mackey also

makes vague references to prior inconsistent treatment by OCFRC in disciplinary action with respect to other staff members.  These assertions do not amount to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" which in any way suggest that OCFRC fired Mackey for any reason other than that which it has stated.  *See Chavez*, 396 F.3d at 1104.

In short, there is simply no evidence which suggests that OCFRC's proffered reasons for terminating Mackey – which are compelling and well documented – are pretextual. Accordingly, summary judgment as to this claim is proper.

**II.      Section 1981 Discriminatory Discharge Claim**

Mackey's § 1981 claim is based upon the same facts as her Title VII claim.  "Cases establish that, in racial discrimination suits, the elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in *McDonnell Douglas*, whether that case is brought under §§ 1981 or 1983 or Title VII."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991) (citing *Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1285–86 (4th Cir. 1985)).  As such, Mackey's § 1981 claim is duplicative of her Title VII claim.  Based upon the analysis of Mackey's Title VII claim, summary judgment is also proper as to Mackey's § 1981 claim.

**III.     Fair Labor Standards Act Claim**

Mackey's claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), is based upon her contention that, on several occasions during her employment with OCFRC, she was required to work more than 40 hours per week without overtime compensation.  OCFRC seeks summary judgment as to this claim, arguing that Mackey is not a covered employee under the FLSA because she was not engaged in commerce or employed by an enterprise engaged in commerce.  OCFRC argues secondarily that Mackey's claim is time barred.

Under the FLSA,

> no employer shall employ any of his employees who ... is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). By its terms, the FLSA overtime provision applies only to those employees who are engaged in commerce, produce goods for commerce, or are employed by an enterprise engaged in commerce or the production of goods. Claims under the FLSA are subject to a two-year statute of limitations, unless the employer's violation of the FLSA is considered "willful", in which case a three-year limitations period is applied. *See* 29 U.S.C. § 255(a); *Mumby v. Pure Energy Servs. (USA), Inc*., 636 F.3d 1266, 1270 (10th Cir. 2011). "To fall under the three-year limitation, the plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute.'" *Id*. (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)). "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful...." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 135 n.13, (1988). Summary judgment is appropriate on the issue of willfulness if there is no genuine dispute of material fact regarding the employer's conduct. *See Zachary v. Rescare Oklahoma, Inc*., 471 F. Supp. 2d 1183, 1192 (N.D. Okla. 2006); *see also Fowler v. Incor*, 279 F. App'x 590, 602 (10th Cir. 2008) (affirming district court's entry of summary judgment as to two-year statute of limitations).

The Court finds that, based upon the evidentiary materials submitted by the parties, there are no material facts in dispute and OCFCR is entitled to judgment as a matter of law on the issue of willfulness. It is undisputed that in March, 2006, Davidson sought to determine whether OCFRC was in compliance with the FLSA and acted on the information he received from the

Department of Labor in setting OCFRC's policies regarding night shift pay.[4]  Mackey has put forth no evidence which might show that OCFRC had knowledge of non-compliance or otherwise acted recklessly with respect to the FLSA.  Davidson's actions in seeking to determine whether OCFRC was in compliance with the act were reasonable and therefore cannot be considered willful.  *See McLaughlin*, 486 U.S. at 135 n.13.  Mackey's FLSA claim is therefore subject to a two-year statute of limitations.  It is undisputed that OCFRC began paying Mackey and other Shelter Intake Workers by the hour in September of 2009.  Because Mackey filed this lawsuit on October 26, 2011, her FLSA claim was not brought within the two-year statute of limitations and is time-barred.  Summary judgment is therefore also proper as to this claim.

---

[4]  Mackey filed a document titled "Evidentiary Objections to and Request to Strike Request for Admissions No. 9 and 10, Portions of the Affidavit of Kim Deer's Offered in Support of Okmulgee County Family Resource Center, Inc. Motion for Summary Judgment/Amended Motion for Summary Judgment (Corrected)" (Doc. 77, and *see* fn. 2, *supra*).  In this submission, Mackey raised several evidentiary objections with respect to OCFRC's summary judgment evidence.  The Court has fully considered the arguments raised in plaintiff's evidentiary objections (Doc. 77) and has treated the filing as a supplement to her responses in opposition to summary judgment.  The vast majority of the issues raised in that supplement are not germane to the Court's ruling.  However, one issue – Mackey's challenge to the evidentiary support related to Davidson's determination of FLSA compliance – warrants discussion.  Specifically, Mackey argues that Deer lacks the personal knowledge necessary to attest to Davidson's efforts and that her affidavit constitutes hearsay.  Deer, Executive Director of OCFRC and custodian of OCFRC's records, can attest to Davidson's actions with respect to the FLSA compliance check to the extent she has personal knowledge of those actions. Deer states that she has personal knowledge of the facts at issue and Mackey has put forth no evidence which suggests Deer actually lacks such personal knowledge.  In addition, Davidson's notes and the materials from the Department of Labor's website do not constitute hearsay because they are not being offered for their truth and instead are being offered to show the mental state (i.e. willfulness or lack thereof) of Davidson as to OCFRC's FLSA compliance.  *See, e.g., Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1248 (10th Cir. 1998) (out-of-court statement offered to prove state of mind is not hearsay because it is not offered for its truth).  Even assuming that the documents were offered for their truth, they would likely qualify as business records of which Deer is the custodian.  Hence, the Court concludes that these objections are without merit.

IV.    **Oklahoma Protection of Labor Act Claim**

The Court has granted summary judgment as to Mackey's claims arising under federal law and the only remaining claim is that which arises under the Oklahoma Protection of Labor Act, 40 *Okla. Stat*. § 165 *et seq.* Under the circumstances presented here, the Tenth Circuit has recognized that the preferred practice is to decline to exercise supplemental jurisdiction over a remaining state law claim where a basis for original jurisdiction is no longer present.  *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims"); *see also Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008) (affirming district court's decision to decline supplemental jurisdiction over state law negligence claim where summary judgment was granted as to § 1983 claims against political subdivision of state); *Lawler v. QuikTrip Corp*., 172 F. App'x 873, 877 (10th Cir. 2006) (affirming district court's summary judgment order dismissing state law claims under 28 U.S.C. § 1367). Accordingly, the Court declines to exercise supplemental jurisdiction over Mackey's remaining state law claim and it is hereby dismissed without prejudice.

**IT IS THEREFORE ORDERED** that defendant Okmulgee County Family Resource Center, Inc.'s Amended Motion for Summary Judgment (Corrected) (Doc. 49) is **granted**. Summary judgment is granted as to plaintiff's federal claims and her remaining state law claim is dismissed without prejudice.  A separate judgment will be entered herewith.  This case is hereby terminated.

**SO ORDERED** this 27th day of January, 2014

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

11